UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN JOHN WITASICK, SR., and WHITNEY S. WITASICK, h/w, | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 12-3474 |
| v. | : | MEMORANDUM OPINION & ORDER |
| MINNESOTA MUTUAL LIFE INS. CO. a/k/a MINNESOTA LIFE INS. CO., A SECURIAN COMPANY, and STANDARD INSURANCE COMPANY a/k/a STANDARD LIFE INS. CO., | : : : | |
| Defendants. | : | |

This matter is before the Court on a motion for reconsideration [40] filed by Plaintiffs Kevin John Witasick, Sr. and his wife, Whitney S. Witasick. This Court granted Defendants' prior motion to dismiss the Complaint, finding that the Plaintiffs were legally barred from asserting the claims against Defendants in this case because the parties previously executed a Mutual Release, under the advice of counsel, (1) settling all claims, known and unknown, regarding the two insurance policies implicated by the Complaint and (2) agreeing to a "Covenant Not to Sue," prohibiting Plaintiffs' litigation against the Defendants.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

To succeed on a motion for reconsideration, the moving party must show "more than a disagreement" with the decision it would like reconsidered. Anders v. FPA Corp., 164 F.R.D. 383, 387 (D.N.J. 1995). Instead, there must be some "dispositive factual matters or controlling decisions of law" that were presented to the Court, but not considered. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Thus, a "mere recapitulation of the cases and arguments considered by the court before rendering the original decision" does not warrant a grant of reconsideration. Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J. 1989), modified, 919 F.2d 225 (3d Cir. 1990); accord In re Gabapentin Patent Litigation, 432 F. Supp. 2d 461, 463 (D.N.J. 2006); S.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

A motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached. NL Indus, 935 F. Supp. at 516. Thus, the moving party must actually present "something new or something overlooked by the court in rendering the earlier decision." Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (citing Harsco Corp., 779 F.2d at 909). The word "overlooked" is the operative term and has been consistently interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered. Summerfield v. Equifax, 264 F.R.D. 133, 145 (D.N.J. 2009) (citing United States v. DeLaurentis, 83 F. Supp. 2d 455, 474 n.2 (D.N.J. 2000)).

Plaintiffs argue that the 2007 Settlement Agreement between the parties could not serve to bar claims concerning Defendants' conduct *after* the signing of the Agreement, as "such a future torts waiver is unconscionable and unenforceable." (Pl. Br., p. 2.) Accordingly, Plaintiffs contend that the Court committed clear error, and its decision was in violation of public policy.  Further, Plaintiffs argue that the Court erred in dismissing the claim for malicious prosecution because that claim "did not come into existence until November of 2009 when the Witasicks were acquitted of the mail fraud charge concerning the Defendants," (Pl. Br., p. 3), so the September 2007 Settlement Agreement could not have barred the malicious prosecution claim.  Finally, Plaintiffs claim that the Court "ignored well established law," (Pl. Br., p. 3), in considering the Settlement Agreement at the Motion to Dismiss stage because Plaintiffs filed an action for rescission and asked for rescission as a remedy for the tort claims.[1]

Plaintiffs have not presented the Court with an intervening change in the controlling law, evidence not previously available, or a clear error of law that will result in manifest injustice.  As to the argument that claims may have arisen after the Settlement Agreement was signed, "a covenant not to sue also applies to future claims

---

[1] In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss.  Id.  The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, see City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'"  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

and constitutes an agreement to exercise forbearance from asserting any claim which either exists or which may accrue." Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc., 247 F.3d 44, 56 n.4 (3d Cir. 2001). Further, the only conduct cited that occurred after the Settlement Agreement was grand jury testimony by a Standard representative regarding the criminal case against the Plaintiffs. Claims based upon such testimony are not actionable. See Rehberg v. Paulk, 132 S. Ct. 1497, 1505, 1506-07, 1510 (2012); Franks v. Temple Univ., No. 12-1346, 2013 WL 617069, at *4 (3d Cir. Feb. 20, 2013).

Accordingly,

IT IS ORDERED this 22nd day of May, 2013 that Plaintiffs' motion for reconsideration [40] of this Court's decision granting Defendants' Motion to Dismiss the Complaint is hereby DENIED.

/s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.