IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW JERSEY - CAMDEN DIVISION

KEVIN JOHN WITASICK, SR., and WHITNEY S. WITASICK, Husband and Wife,

                   Plaintiffs,

v.

MINNESOTA MUTUAL LIFE INSURANCE COMPANY, a/k/a MINNESOTA LIFE INSURANCE COMPANY, a SECURIAN COMPANY; STANDARD INSURANCE COMPANY, a/k/a STANDARD LIFE INSURANCE COMPANY.

                   Defendants.

Civil Action Number

12-cv-03474-JHR-JS

PLAINTIFFS' RULE 58 (a) and (d) REQUEST FOR ENTRY OF JUDGMENT TO BE SET OUT IN A SEPARATE DOCUMENT

On March 25th, 2013, this Court signed a unified ten page "MEMORANDUM OPINION & ORDER", with six pages of factual discussion, and four pages of legal analysis, which on its last page granted the Defendants' Motion to Dismiss the totality of the Plaintiffs' Complaint. On that same date the Court's file was closed.

The Witasick Plaintiffs hereby file their Rule 58 (a) & (d) Motion and Request for the Court to enter the separate judgment that is **mandatory** and required under that Rule. Rule 58(a) requires that "Every judgment...must be set out in a separate document..." and Rule 58(d) states that "A party may request that judgment be set out in a separate document as required by Rule 58(a)". The cases cited below confirm that the Court's ten page Memorandum Opinion and Order does **not** constitute the Rule 58 entry of judgment.

A District Court's disposition of an action is not final for purpose of appeal and

1

for purposes of various post judgment motions until a separate judgment has been entered in accordance with the provisions of Rule 58. *Jetero Const Co., Inc. v. South Memphis Lumber Co., Inc.,* 531 F. 2d 1348 (C.A.6 (Tenn.) 1976). The separate document rule is more than a mere formality and a District Court is required to apply the Rule mechanically, *In re Taumoepeau,* 523 F.3d 1213 (C.A.10 2008); *Williams v. Norris,* 461 F.3d 999 (C.A.8 (Ark.) 2006); *Taylor v. Sterrett,* 527 F.2d 856 (C.A.5 (Tex.) 1976), so as to avoid uncertainties as to the date on which the judgment is entered. *Rosario-Mendez v. Hewlett Packard Caribe,* 256 F.R.D. 282, D.Puerto Rico 2009).

  The provisions of Rule 58 requiring every judgment to be set forth on a separate document and entered on the docket of the court are mandatory in all cases. *Levin v. Wear-Ever Aluminum, Inc.,* 427 F.2d 847, (C.A.3 (Pa.) 1970). A District Court's failure to file the separate document for a judgment means that the time period in which a litigant has to file an appeal did not begin. *Williams v. Norris,* supra.

  The entry of judgment occurred not when the District Court granted a Defendant's Motion to Dismiss and made a docket entry stating "Civil Case Terminated", bur rather subsequently when the District Court entered final judgment, fulfilling the requirement that the entry of judgment be "set out in a separate document". *Cardinal Health 110, Inc. v. Cyrus Pharmaceutical, LLC,* 560 F.3d 894 (C.A.8 (Mo.) 2009).

  The Court's decision and the judgment to be entered thereon are not the same thing under Rule 58, since a "decision" is part of procedure while a "judgment" is dealt with separately, and although a "decision" of the case is the court's "judgment" thereon, it is not its judgment therein, meaning the judgment thereafter entered on its

decision. *Winkleman v. General Motors Corporation,* 48 F.Supp. 490, (S.D.N.Y. 1942). A Federal Court judgment is "entered" when the Judge settles or approves the form of Judgment and orders that it be entered. *Guillory v. Administrators of Tulane Educational Fund,* 207 F.Supp. 554, (E.D.La. 1962). A Judgment, to be effective, must both be on a separate, distinct document, and entered on the civil docket. *Atlantic Richfield Co. v. Monarch Leasing Co,* 84 F.3d 204, (C.A.6 (Mich.) 1996); *U.S. v. Schiavo,* 504 F.2d 1, (C.A.3 (Pa.) 1974).

A District Court's memorandum opinion and order signed by a District Judge was not a "separate document" as required by Rule 58. *Communications Workers of America, AFL-CIO v. United Tel. Co. of Ohio,* 491 F.2d 207, (C.A.6 (Ohio) 1974). A final judgment must be set forth in a document separate from the opinion explaining the judgment. *Barber v. Whirlpool Corp.,* 34 F.3d 1268, (C.A.4 (S.C.) 1994); *Miller v. Marriott Int'l, Inc.,* 300 F.3d 1061 (C.A.9 (Cal.) 2002). An order of dismissal tacked onto the end of an opinion, no matter how explicit, does not qualify as a "separate document". *Caperton v. Beatrice Pocahontas Coal Co.,* 585 F.2d 683, (C.A.4 (Va.) 1978).

With respect to a final judgment, the separate entry rule requires an entry of a judgment document distinct from any opinion or memorandum. *In re Kahn,* 188 B.R. 627, (9th Cir. BAP (Cal.) 1995); Hollywood *v. City of Santa Maria,* 886 F.2d 1228, (C.A.9 (Cal.) 1989). A lengthy description of the case's facts and procedural history precludes an order from complying with the rule requiring that a judgment be set out on a separate document. *In re Cendent Corp. Securities Litigation,* 454 F.3d 235, (C.A.3 (N.J.) 2006).

An order did not comply with Rule 58 where it was 6 pages long and contained

legal analysis and reasoning. *Deboard v. Sunshine Min. and Refining Co.,* F.3d 1228, (C.A. 10 (Okla.) 2000). An 11 page document setting forth findings of fact and conclusions of law with the last page constituting an order dismissing an employer's post-trial motions did not constitute a final judgment, *Barber v. Whirlpool Corp.,* 34 F.3d 1268, (C.A.4 (S.C.) 1994), nor did a 15 page order detailing the Judge's legal analysis of the case's disposition. *Clough v. Rush,* 959 F.2d 182 (C.A.10 (N.M.) 1992). While a District Court Judge's memorandum opinion and order contained dispositive language, where it also included a discussion of legal issues constituting the opinion of the District Court, the memorandum did not qualify as a "judgment" under Rule 58. *U.S. v. Kansas City, Kan.,* 761 F.2d 605, (C.A.10 (Kan.) 1985).

  Given the foregoing, the Witasick Plaintiffs request that at the appropriate time the Court under Rule 58 enter its final judgment in this case. The Plaintiffs ask the Court to do so only when **all** post-trial motions have been resolved, so there are no "piecemeal" appeals, and so there are no questions about when an appeal has to be filed. At present, these outstanding motions include Plaintiffs' Motion for New Trial or to Amend or Alter the Judgment; Plaintiffs' Amended/Renewed Motion for Reconsideration; Plaintiffs' Rule 58 Motion for Entry of Judgment; Defendants' Motion for Attorneys Fees; and The Motion for Leave to File An Amended Complaint, which Plaintiffs are filing the week of July 15th, 2013.

  Dated this 12th day of July, 2013.

/s/A. John Falciani and Paul G. Valentino
A. John Falciani
Paul G. Valentino
Attorneys for the Witasick Plaintiffs