UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN JOHN WITASICK, SR., and WHITNEY S. WITASICK, h/w, | : | Hon. Joseph H. Rodriguez |
| | : | Civil Action No. 12-3474 |
| Plaintiffs, | | |
| v. | : | MEMORANDUM OPINION & ORDER |
| MINNESOTA MUTUAL LIFE INS. CO. a/k/a MINNESOTA LIFE INS. CO., A SECURIAN COMPANY, and STANDARD INSURANCE COMPANY a/k/a STANDARD LIFE INS. CO., | : : : | |
| Defendants. | : | |

This matter having come before the Court on Plaintiffs' Motion for New Trial to Alter or Amend the Judgment [47]; and

The Court previously having granted Defendants' motion to dismiss the Complaint [16], finding that the Plaintiffs were legally barred from asserting the claims against Defendants in this case because the parties previously executed a Mutual Release, under the advice of counsel, (1) settling all claims, known and unknown, regarding the two insurance policies implicated by the Complaint and (2) agreeing to a "Covenant Not to Sue," prohibiting Plaintiffs' litigation against the Defendants; and

The Court further having denied Plaintiffs' motion for reconsideration [40] which argued that the Court committed clear error, and its decision was in violation of public policy, because the 2007 Settlement Agreement between the parties could not serve to bar claims concerning Defendants' conduct *after* the signing of the Agreement, as "such a future torts waiver is unconscionable and unenforceable"; and the motion further

having argued that the Court erred in dismissing the claim for malicious prosecution because that claim "did not come into existence until November of 2009 when the Witasicks were acquitted of the mail fraud charge concerning the Defendants," so the September 2007 Settlement Agreement could not have barred the malicious prosecution claim; and the motion further having argued that the Court "ignored well established law," in considering the Settlement Agreement at the Motion to Dismiss stage because Plaintiffs filed an action for rescission and asked for rescission as a remedy for the tort claims; and

The Court finding that "a proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); and

The Court further finding that parties in the District of New Jersey may file a motion for reconsideration of an order under the District of New Jersey Local Civil Rules, see L. Civ. R. 7.1(i), but such motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e), Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990), the purpose being to "correct manifest errors of law or fact," see Max's Seafood Café ex-rel Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (internal quotations omitted); and

The Court finding that Plaintiffs have presented nothing from which this Court could hold its prior decisions were clearly erroneous or manifestly unjust; and

The Court further finding that the law of the case doctrine "limits the extent to which an issue will be reconsidered once the court has made a ruling on it," Fagan v. City of Vineland, 22 F.3d 1283, 1290 (3d Cir. 1994); and although courts maintain the authority to revisit prior decisions if extraordinary circumstances are presented which expose the prior decision as "clearly erroneous" or suggest that it would "work a manifest injustice," see Lambert v. Blackwell, 387 F.3d 210, 237 (3d Cir. 2004) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)); see also Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997) (holding that the law of the case doctrine does not limit a federal court's power, rather it directs its exercise of discretion), those circumstances are not present here; and

Because "there is no procedure for reconsideration of an order denying reconsideration . . . . The appropriate procedure for challenging this Court's decision to dismiss this action and deny reconsideration is an appeal to the United States Court of Appeals for the Third Circuit. See Fed. R. App. P. 4(a)." Caldwell v. Vineland Police Dep't, 2010 WL 703170, *2 (D.N.J. Feb. 23, 2010); and, therefore,

The Court finds Plaintiffs are not entitled to relief; and

Accordingly,

IT IS ORDERED on this 16th day of January, 2014 that Plaintiffs' Motion for to Alter or Amend the Judgment under Fed. R. Civ. P. 59 [47] is hereby DENIED.

    /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.